ELLIS G. TOONE,                      )
                                        )
            Petitioner,         )
                                        )
vs.                              )
                                      )          **ORDER**
STATE OF NORTH CAROLINA,    )
                                        )
            Respondent.     )
_____ )

       **THIS MATTER** comes before the Court on Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254, and on Respondent's Motion for Summary Judgment. (Doc. No. 6).

## I.      BACKGROUND

       Petitioner is a prisoner of the State of North Carolina, who, on April 15, 2002, in Buncombe County Superior Court, pled guilty to second-degree murder, in lieu of being tried for first-degree murder, and was sentenced as a prior record level II offender with one prior record point, to a presumptive range term of 156 to 197 months imprisonment, in case 01 CRS 52494. See (Doc. Nos. 7-2; 7-3; 7-4). Petitioner was represented by Mr. Leah M. Broker and did not appeal. On December 28, 2011, Petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals, seeking a belated direct appeal from the judgment entered on his guilty plea. (Doc. No. 7-5). On January 4, 2012, the state filed a response. (Doc. No. 7-6). On January 6, 2012, certiorari was denied. (Doc. No. 7-7).

       On or about June 21, 2012, Petitioner filed a pro se motion for appropriate relief ("MAR") in Buncombe County Superior Court. (Doc. No. 7-8). Petitioner argued that his South

Carolina conviction for possession of drug paraphernalia should not have been used in calculating his prior record level. He also claimed his constitutional rights were violated by the failure of the state and his counsel to investigate properly his out-of-state conviction to ensure it was a countable misdemeanor conviction. (Id.). On July 31, 2012, the MAR Court entered an order for a hearing on the MAR. (Doc. No. 7-9). On November 14, 2012, the MAR Court re-sentenced Petitioner as a prior record level I offender with no prior record level points, i.e., removing the South Carolina conviction for possession of drug paraphernalia, to a presumptive range sentence of 150-89 months. (Doc. No. 7-10). Petitioner was represented by Mr. Eugene W. Ellison.

On February 12, 2013, Petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals, seeking a belated direct appeal from his re-sentencing judgment. (Doc. No. 7-11). On February 26, 2013, the state filed a response. (Doc. No. 7-12). On February 27, 2013, the North Carolina Court of Appeals denied certiorari. (Doc. No. 7-13). On March 19, 2013, Petitioner filed a pro se petition for discretionary review ("PDR") in the Supreme Court of North Carolina, seeking review of the Court of Appeals' order denying certiorari. (Doc. No. 7-14). On June 12, 2013, the Supreme Court of North Carolina dismissed the PDR. (Doc. No. 7-15). Petitioner dated his pro se federal habeas petition July 25, 2013, and filed it in this Court on August 1, 2013. On August 19, 2013, this Court entered an Order requiring Respondent to answer or otherwise response to the petition, granting Petitioner's motion to proceed in forma pauperis, denying Petitioner's motion for appointment of counsel, and requiring Petitioner to resubmit the petition signed under penalty of perjury. (Doc. No. 4). On September 9, 2013, Respondent filed the pending motion for summary judgment. (Doc. No. 6). On the same day, this Court issued an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975),

advising Petitioner of his obligation to respond to the summary judgment motion. (Doc. No. 8). On September 9, 2013, Petitioner re-filed his Section 2254 petition, this time signed under penalty of perjury, and on September 19, 2013, Petitioner filed a response to the summary judgment motion. (Doc. Nos. 9; 10).

Petitioner brings the following grounds for relief in his Section 2254 petition: (1) he is being held in violation of his Fifth Amendment right of due process, because there is no file number on his prior record level worksheet for his 1998 South Carolina conviction of possession of drug paraphernalia; (2) the state violated his Fourteenth Amendment rights of due process and equal protection by not researching his prior record level worksheet and determining that his South Carolina drug paraphernalia conviction could not be used to calculate his prior record level points; (3) he received ineffective assistance of counsel because his lawyer did not research his prior record level work sheet to discover the errors in using the South Carolina drug paraphernalia conviction to determine his prior record level points; and (4) his attorney violated his Fourteenth Amendment rights to due process and equal protection by not researching his prior record level work sheet to discover the errors in using the South Carolina drug paraphernalia conviction to determine his prior record level points.

## II. STANDARD OF REVIEW

A. Summary Judgment Standard

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. FED. CIV. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S.

574, 587–88 (1986).  Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986).

B. Section 2254 Standard

In addition to the motion for summary judgment standard set forth above, this Court must also consider the petition for writ of habeas corpus under the requirements set forth in 28 U.S.C. § 2254.  Section 2254(d) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A state court decision is contrary to clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at [an opposite result][.]"  Williams v. Taylor, 529 U.S. 362, 405 (2000); Lewis v. Wheeler, 609 F.3d 291, 300 (4th Cir. 2010) (quoting Williams, 529 U.S. at 405).  A state court unreasonably applies federal law when it "identifies the correct governing legal rule from th[e

Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case." Williams, 529 U.S. at 407; Lewis, 609 F.3d at 300–01 (stating that a state court unreasonably applies federal law when it "extends a legal principle from [the Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply[ ]") (citation and quotation marks omitted).

"[A]n unreasonable application of federal law is different from an incorrect application of federal law" for § 2254(d)(1) purposes. Williams, 529 U.S. at 410. The former requires a "substantially higher threshold" to obtain relief than does the latter. Schiro v. Landrigan, 550 U.S. 465, 473 (2007). A state court's determination that a claim fails on its merits cannot be overturned by a federal habeas court "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

A habeas court, therefore, must "determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e Supreme] Court." Richter, 131 S. Ct. at 786. A petitioner has the burden of establishing that the state court decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 786–87.

## III.    DISCUSSION

### A.  Petitioner's Ground One

In Ground One, Petitioner contends that he is being held in violation of his Fifth Amendment right of due process because there is no file number on his prior record level

worksheet for his 1998 South Carolina conviction of possession of drug paraphernalia. This contention is without merit. When the state trial court re-sentenced Petitioner on November 14, 2012, the court did not use the South Carolina conviction to determine Petitioner's prior record level. (Doc. No. 7-10). Instead, the state sentencing court determined that Petitioner had no prior record level points and re-sentenced him at prior record level I, i.e., the lowest prior record level possible. (Id.). Thus, Petitioner could not possibly be prejudiced by the lack of a file number on his prior record level worksheet for his 1998 South Carolina conviction of possession of drug paraphernalia. In sum, Petitioner's first ground for relief is without merit.

**B. Petitioner's Grounds Two, Three, and Four**

In Ground Two, Petitioner contends that that the state violated his Fourteenth Amendment rights of due process and equal protection by not researching his prior record level worksheet and determining that his South Carolina drug paraphernalia conviction could not be used to calculate his prior record level points. In Ground Three, Petitioner contends that he received ineffective assistance of counsel because his lawyer did not research his prior record level work sheet to discover the errors in using the South Carolina drug paraphernalia conviction to determine his prior record level points. In Ground Four, Petitioner contends that his attorney violated his Fourteenth Amendment rights to due process and equal protection by not researching his prior record level work sheet to discover the errors in using the South Carolina drug paraphernalia conviction to determine his prior record level points. Grounds Two, Three, and Four are without merit for the same reason that Petitioner's Ground One is without merit. Because the South Carolina conviction was eliminated from Petitioner's prior record level calculation, the state court did not err in sentencing Petitioner and there could be no possible ineffective assistance of counsel here.

## IV.    CONCLUSION

For the reasons stated herein, Respondent is entitled to summary judgment.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion for Summary Judgment, (Doc. No. 6), is **GRANTED** and the Section 2254 petition is dismissed with prejudice.

2.      It is further ordered that, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).


Signed: October 1, 2013

Frank D. Whitney
Chief United States District Judge